IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND

VERONICA WALKER, Individually and\*
As Personal Representative for
the Estate of Jason Wallace,     \*
deceased, et al.
                                 \*
          Plaintiffs
                                 \*
     vs.                              CIVIL ACTION NO. MJG-16-3136
                                 \*
STATE OF MARYLAND, et al.
                                 \*
          Defendants
\*     \*      \*      \*      \*      \*      \*      \*      \*
            MEMORANDUM AND ORDER RE: INTERVENTION

     The Court has before it the Motion of Plaintiffs to

Intervene [ECF No. 24] and the materials submitted relating

thereto. The Court finds that a hearing is unnecessary.

I.   BACKGROUND

     On September 3, 2013, Jason Wallace ("Jason") was a

prisoner incarcerated at the Maryland Western Correctional

Institution located in Cumberland, Maryland.  On that date,

Jason was killed by his cellmate, one Darnell Thompson.

     On September 12, 2016, Plaintiffs Veronica Walker,

Individually and as Personal Representative of the Estate of

Jason Walker, and Gilbert Walker, to the use of Jason's minor

children, K.W. and V.W. (collectively referred to as "the

Children"), filed the Complaint [ECF No.1].  In the Complaint,

Plaintiffs alleged that the Defendants, the State of Maryland

and three individual defendants, should be held liable for the death of Jason.  The Complaint presents (1) a survival action whereby the Estate asserts such claims as Jason may have been able to assert had he survived and (2) a wrongful death action whereby each Plaintiff asserts his/her own claim for loss caused to them by virtue of the death of Jason.

II.  PROCEDURAL SETTING

On December 19, 2016, the Children filed the instant Motion, seeking to intervene in this case as plaintiffs pursuant to Rule 24 of the Federal Rules of Civil Procedure. In the Motion, June Stephanie Woerner seeks to intervene as the Children's next friend "to represent their claims and legal interests, which are spelled out in the Complaint. (ECF Nos. 1 & 3)." Mot. of Pl.'s to Intervene [ECF No. 24] at 2.

III. DISCUSSION

Federal Rule of Civil Procedure 24 allows for intervention of right or permissive intervention.

A. Intervention of Right

To intervene as a matter of right the movant must demonstrate:

(1)  The application to intervene was timely;

(2)  An interest in the subject matter of the action;

(3) That the protection of this interest would be impaired because of the action; and

(4) That the applicant's interest is not adequately represented by existing parties to the litigation.

Houston Gen. Ins. Co. v. Moore, 193 F.3d 838, 839 (4th Cir. 1999).

As explained below, the Children meet all of the factors to intervene as a matter of right.

1. Timeliness Of Motion To Intervene

Maryland Rule 15-1001 provides that a "use plaintiff" who wishes to join a wrongful death action must file a motion to intervene by the earlier of the (1) the applicable statutory deadline or (2) 30 days after being served with the complaint and notice of this action.

a. Compliance with the Statute of Limitations

The statute of limitations for wrongful death is three years after the time of death. Md. Code Ann., Cts. & Jud. Proc. ("CJP") § 3-904(g)(1).[1] The Defendants argue that this action is barred because Jason died on September 13, 2013, and the Children did not file the Motion to Intervene until December 19, 2016.

However, CJP § 5-201, the Persons with Disabilities Statute,

---

[1] An "action under this subtitle shall be filed within three years after the death of the injured person." Md. Code Ann., Cts. & Jud. Proc. § 3-904(g)(1)(2013 Repl. Vol.).

provides that when a cause of action subject to limitation under the wrongful death statute "accrues in favor of a minor or mental incompetent, that person shall file his action within the lesser of three years or the applicable period of limitations after the date the disability is removed." Md. Code Ann., Cts. & Jud. Proc. § 5-201.

On May 22, 2017, the Maryland Court of Appeals held that the plain language of "Cts. & Jud. Proc. § 5-201 in its current form provides for tolling of a wrongful death claim during a period of minority. . . ." Parker v. Hamilton, No. 78, 2017 WL 2226686, at *6 (Md. May 22, 2017). Consequently, the statute of limitations applicable to the Children has not yet begun to run, and their Motion to Intervene is therefore timely.[2]

### b. Compliance with Served Notice Deadline in Md. Rule 15-1001

A "use plaintiff" must file a motion to intervene thirty days after being served with the complaint and notice of this action. The notice of this suit was mailed to the Children on November 16, 2016 [ECF No. 60-9], and the Children filed their Motion on December 19, 2016, within the notice deadline.[3]

---

[2] It is not necessary to discuss the merits of the Children's argument regarding the criminal homicide exception as this motion was timely filed in accordance with the tolling period for minors.

[3] Rule 6(d) adds three days to the prescribed period when service is made by mail.

## 2. Legally Protected Interest and Impaired Ability to Protect It

The Children have a legally protected interest in this action as legal beneficiaries under CJP § 3-904. Under Maryland law they could be entitled to damages in a wrongful death action for the death of their father, even if they do not have a legal interest in the Estate's survivor action.

If not allowed to intervene as Plaintiffs, the Children's ability to protect their interest in the litigation will be impaired. While they would not be a true party to the action, they would be bound by the determinations therein because of the one-action provision in the wrongful death statute.[4] Univ. of Md. Med. Sys. Corp. v. Muti, 44 A.3d 380, 393 (Md. 2012). Simply keeping the Children "as use" Plaintiffs is insufficient to protect their interests. See Carter v. Wallace & Gale Asbestos Settlement Trust, 96 A.3d 147, 169 (Md. 2014)(explaining that "use plaintiffs" are different from party plaintiffs because they cannot recover for damages in their own names).

## B. Permissive Intervention

Even if the Court is not required to allow the Children to intervene as a matter of right, this Court would still allow

---

[4] Md. Code, Cts. & Jud. Proc. § 3-904(f) (2013 Repl. Vol.) states that only one action under this subtitle lies in respect to the death of a person.

permissive intervention. Rule 24(b) provides, in pertinent part:

> (1) On timely motion, the court may permit anyone to intervene who:
>    * * *
>    (B) has a claim or defense that shares with the main action a common question of law or fact.

In considering permissive intervention, the Court must ask "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Stuart v. Huff, 706 F.3d 345, 349 (4th Cir. 2013).

At the time of filing the instant Motion, the Defendants had yet to answer the Complaint and intervention would not unduly delay the case. The Children have a legal interest in the wrongful death claim, which shares with the main action common questions of law and fact relating to Jason's death. Accordingly, the Court shall exercise its discretion to grant the Motion to Intervene.

IV. CONCLUSION

For the foregoing reasons:

1. Plaintiffs' Motion to Intervene [ECF No. 24] is GRANTED.

2. Minor Plaintiffs' Motion to Adopt Motions Filed by Plaintiff Veronica Walker and Gilbert Wallace [ECF No. 74] is GRANTED.

SO ORDERED, on Thursday, June 22, 2017.

/s/
Marvin J. Garbis
United States District Judge